

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# USA v. Marcel

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2941

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Marcel" (2007). *2007 Decisions.* Paper 198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2941

UNITED STATES OF AMERICA

v.

FRANCISCO MARCEL, a/k/a, TIO; a/k/a FREDDIE,

Appellant.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No.04-cr-00103-1)
District Judge:  Hon. Yvette Kane

Submitted under Third Circuit LAR 34.1(a)
on September 24, 2007

Before:  AMBRO, JORDAN and ROTH, Circuit Judges

(Opinion filed: November 26, 2007)

O P I N I O N

**ROTH,** <u>Circuit Judge</u>:

Francisco Marcel appeals his sentence of forty-eight months imprisonment, ordered by the District Court for the Middle District of Pennsylvania. The only issue on appeal is the reasonableness of this sentence. We will affirm.

## I. **Background and Procedural History**

On March 17, 2004, Marcel and twelve other individuals were charged with drug trafficking in a nineteen-count indictment. Following psychiatric evaluations, a competency hearing was set for Marcel. After Marcel was given the opportunity to plead to a superseding information and following a colloquy with the District Court, the competency hearing was waived, and the District Court found Marcel competent to proceed. That same day, the government filed a one-count superseding information charging Marcel with unlawful use of a communication facility to facilitate the distribution of 100 grams or more of heroin in violation of 21 U.S.C. § 843(b). Marcel pleaded no contest to that count in full satisfaction of the charges.

The presentence report indicated that, had Marcel been convicted of the crimes alleged in the original indictment, he would have faced a mandatory minimum sentence of ten years and a Guidelines range of 121 to 151 months. He instead faced a maximum sentence of four years. Marcel submitted a sentencing memorandum and volumes of medical and psychiatric records to the District Court and requested a sentence of less than four years.

On May 22, 2006, the District Court imposed the maximum forty-eight month

2

sentence authorized by statute and recommended Marcel be designated to a medical facility.[1]

Marcel wrote a letter to the District Court requesting reconsideration of his sentence on June 1, 2006. It appears that the clerk of court filed a notice of appeal on Marcel's behalf that same day.

## II. **Jurisdiction and Standard of Review**

The District Court had original jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over Marcel's appeal pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291.

After *United States v. Booker*, 543 U.S. 220, 261 (2005), we review a sentence for "reasonableness" in reference to the applicable § 3553(a) factors.[2] *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Reasonableness review essentially calls upon us to "ask[] whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. __, 127 S.Ct. 2456, 2465 (2007).

The defendant bears the burden of demonstrating unreasonableness. *Cooper,* 437 F.3d at 332. The standard of review is "deferential." *Id.* at 330. A sentence within the correctly

---

[1]On August 8, 2006, the Bureau of Prisons filed a letter with the District Court, stating that the Bureau had determined that Marcel did not require placement in a specialized medical facility.

[2] Those factors include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; (B) deter criminal conduct; (C) protect the public; and (D) provide training and treatment for the defendant; (3) the kinds of sentences available; (4) the sentencing range under the Guidelines; (5) pertinent policy statements; (6) the need to avoid unwarranted sentence disparities among similar defendants; and (7) the need to provide restitution.

calculated Guidelines range is not automatically reasonable but is more likely to be reasonable than one outside the range. *Id.* at 331; *see also Rita* (appellate courts may apply a presumption of reasonableness to a sentence within the Guidelines range). In giving "meaningful consideration" to the Section 3553(a) factors, a district court need not discuss every argument made by the litigants, or specifically make findings as to each of the factors, so long as the record reflects that the court considered those factors as well as the meritorious arguments raised by the parties. *Cooper*, 437 F.3d at 329.

We must also determine whether the District Court reasonably applied the Section 3553(a) factors to the facts of the case. We apply a deferential standard in this review. *Id.* at 330.

## III. Analysis

Marcel argues that, given his age, medical issues, and military service, the District Court should have imposed a sentence of less than forty-eight months. He does not contend that the District Court failed to consider those factors, but he claims that a lesser sentence would have been sufficient to meet the goals of sentencing.

The record makes clear that the District Court considered a number of Section 3553(a) factors and the arguments of the parties in arriving at Marcel's sentence and reasonably applied them to the facts of this case. The District Court stated that it had considered all of the materials that Marcel had provided and acknowledged that he appeared to suffer from real medical problems. The District Court concluded, however, that the Bureau of Prisons could address such health issues. The District Court also considered the seriousness of the

4

offense, the fact that pursuant to his plea Marcel avoided a sentence of 121 to 151 months, and the degree of Marcel's involvement.  Furthermore, the sentence imposed by the District Court was within the Guidelines range.  As such, we conclude that Marcel has failed to show that the sentence ordered by the District Court was unreasonable.

**IV.  Conclusion**

For the reasons set forth above, we will **affirm** the judgment of the District Court.